NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1882.

RIECK V. FISH.

*In the matter of the judicial settlement of the account of*
JAMES D. FISH, *as trustee under the last will and tes-*
*tament of* EMELINE R. FILOR, *deceased.*

Code Civ. Pro., § 2830, requiring from the general guardian of an infant's
property, appointed by a Surrogate's court, security for the faithful dis-
charge of his trust, etc., in the form of a bond, *with at least two sureties*,
and L. 1881, ch. 486, permitting an officer, who is required to pass upon
the sufficiency of a bond given by a person compelled to give the same,
*with security*, for the faithful performance of any duty, to approve it
whenever its conditions are guaranteed by a company duly organized
and authorized to guarantee the same, must be construed together as
vesting in the Surrogate discretionary authority to dispense with sureties
in such a guardian's bond, upon the due execution of such a guaranty.

The general guardian of an infant whose only property consisted of a legacy,
in the hands of a trustee of the estate of the testatrix, having given a
bond in a penalty double the amount of the infant's property, under
Code Civ. Pro., § 2830, upon his appointment as such guardian by the
Surrogate having jurisdiction, applied to the Surrogate of another county,
before whom the trustee was accounting, for a decree directing pay-
ment of the legacy to him.

*Held*, that, notwithstanding his qualification, he must, before receiving the
legacy, file with the Surrogate of the latter county a bond, in a penalty
double the amount of the legacy, conditioned for the faithful applica-
tion thereof, under R. S., part 2, ch. 6, tit. 3, § 47,—that provision not
having been altered or superseded by the Code of Civil Procedure.

EMELINE R. FILOR died in 1873, leaving a will by which
she gave onehalf of her estate to James D. Fish, as
trustee, to apply the income, rents, issues and profits
thereof to the use of her daughter, Martha F. Rieck, and
at her death said property, with the accumulations, to go
to the issue of said Martha. Mrs. Rieck died in 1881,

leaving a daughter, Anna Louise Rieck, about twelve years of age. In June, 1882, James D. Fish presented a petition to the Surrogate of New York county, for leave to render his final account, and a citation was accordingly issued, upon the return of which a special guardian was appointed for said infant. Shortly afterwards, James G. Rieck, her father, was appointed, by the Surrogate of Rockland county, general guardian of her property, upon the execution of a bond, in the penalty of one hundred and twelve thousand dollars, guaranteed by the Fidelity and Casualty Company as surety. Counsel for the accounting trustee objected that the action of the Surrogate of Rockland county was void, because the general guardian's bond had not been signed by two personal sureties, as required by the Code of Civil Procedure. The first section of Laws 1881, chapter 486, under which the bond was guaranteed, reads:

§ 1. Whenever any person, who, now or hereafter, may be required or permitted by law to make, execute and give a bond or undertaking with security conditioned for the faithful performance of any duty, or for the doing or not doing of anything in said bond or undertaking specified, any head of department, surrogate, judge, sheriff, district-attorney, or any other officer, who is now or shall hereafter be required to approve the sufficiency of any such bond or undertaking, may, in the discretion of such officer, accept such bond or undertaking, and approve the same whenever the conditions of such bond or undertaking are guaranteed by a company duly organized or authorized to do business under the laws of this State, and authorized to guarantee the fidelity of persons holding positions of public or private trust, and all such cor-

porations are hereby vested with full power and authority to guarantee such bonds and undertakings. But this act shall not prevent a justification on the part of such company through its officers as required by law of other sureties.

ALEXANDER & GREEN and DANIEL WHITFORD, *for general guardian.*

E. M. DANIEL, *for James D. Fish, trustee.*

DAVID PATON, *special guardian for Anna Louise Rieck.*

THE SURROGATE.—It is declared by section 2830 of the Code of Civil Procedure that, before letters of guardianship of an infant's property are issued by the Surrogate's court, the person appointed must execute to the infant, and file with the Surrogate, *a bond with two sureties* in a certain specified sum.

In 1881, after the foregoing provision went into effect, the Legislature passed an act entitled "An act to facilitate the giving of bonds required by law" (chap. 486). It provided that, in cases where a person was required by law to give a bond *with security* for the faithful peformance of any duty, an officer authorized to accept such bond and to pass upon its sufficiency might, in his discretion, approve the same "whenever the conditions of *such bond* should be *guaranteed* by a company duly organized and authorized to guarantee the same."

A question has arisen whether it is still necessary that a guardian's bond should bear the names of two sureties, or whether such a bond is in conformity with law, though signed by the guardian only, if it is approved by the Surrogate and is guaranteed by such a corporation as is referred to in the act of 1881.

Either view seems to be in harmony with the language of that act. But as to the meaning and intent of its provisions, whatever doubts may at first suggest themselves will disappear, I think, upon careful examination of certain of its terms to which reference has not yet been made.

For example, upon reading the statute as a whole, it is discovered that it does not expressly relieve an officer, who takes a guaranteed bond, from the duty of examining and determining the sufficiency of sureties. Indeed, the very absence of any distinct provision for such relief is urged as an argument against the acceptance of such bond without such sureties. But if it is still incumbent upon the officer to whom a bond is submitted for approval, to require justification of sureties in all cases, or by some inquiry to ascertain their responsibility, it was very absurd to provide that he might accept bonds whenever they were guaranteed by a duly authorized corporation. Of course, he might, if the bonds were otherwise in conformity with law, and consistent with the proper exercise of his discretion. No legislation was necessary to assure him of that, for nobody can ever have supposed that even a worthless guaranty could *invalidate* a bond which was duly executed, and secured by the sufficiency of its sureties.

It must assuredly have been intended that the guaranty of the corporation, if satisfactory to the officer to whom a bond was offered for approval, should supply the place of justification of sureties, and obviate the necessity of any inquiry into their sufficiency, or, indeed, of any pecuniary responsibility on their part. But, in view of this destruction of the substance of suretyship

upon guaranteed bonds, there was manifestly no advantage in retaining its form, and herein lies an argument of some force, in favor of the view that a bond, which is guaranteed as required by the statute, and is duly approved, is effectual without bearing any name as surety.

This view is also supported by another consideration. Section 2 of the act provides that the guaranty of an authorized company "shall not be accepted whenever its liabilities shall exceed its assets."

Now, unless it is intended that the guaranty may supply the place of the surety, this singular anomaly presents itself, that, upon a bond which scrupulously complies with the requirements of law, and bears the names of the requisite number of responsible sureties, the officer to whom it is submitted is absolutely forbidden to accept the guaranty of any company whose liabilities exceed its assets.

Many absurdities seem to result from any other interpretation of the statute than that which vests discretionary authority in the Surrogate, in passing upon the sufficiency of a bond under circumstances like the present, to dispense with sureties upon the due execution of a guaranty. I hold, therefore, that, even without sureties, a bond so guaranteed is valid and legal.

---

Upon the settlement of the decree, on the accounting, petitioner's counsel contended that, before the decree was entered, the general guardian should give an additional

bond in New York county, under the provision of the Revised Statutes (part 2, ch. 6, tit. 3, § 47; *3 Banks, 7th ed., 2301*), to the effect that, "if the legacy be of the value of fifty dollars or more, the same may, under the direction of the Surrogate, be paid to the general guardian of a minor; who shall be required to give security to the minor, to be approved by the Surrogate, for the faithful application and accounting for such legacy."

THE SURROGATE.—The general guardian has already given security in Rockland county, in the sum of one hundred and twelve thousand dollars, double the amount of the legacy, which is all the property the infant has; still, I think that the Code of Civil Procedure has not changed the sections of the statute to which my attention has been called, and I will order that the general guardian execute and file, in the Surrogate's office of this county, a bond in the penalty of one hundred and twelve thousand dollars for the faithful application of the legacy.